IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,874-01






EX PARTE WILLIAM D. GRIFFITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 053325-A IN THE 15TH DISTRICT COURT


FROM GRAYSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
a charge of robbery, and was sentenced to ten years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia (1), that his trial counsel rendered ineffective assistance because
counsel failed to investigate and present evidence regarding Applicant's sanity at the time of the
offense and his competence to enter a plea. Applicant alleges that there was a five-year "cap" on his
sentence, but that trial counsel allowed him to receive a ten-year sentence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, trial counsel shall state whether he had any knowledge of Applicant's mental health
history, and any indication that Applicant might have been insane at the time of the offense or
incompetent to enter a plea. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea papers in this
case, including the written admonishments and any written plea agreement. If a transcript of the plea
and punishment proceedings exists, the trial court shall supplement the habeas record with a copy
of such transcripts. The trial court shall make findings of fact and conclusions of law as to whether
the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 21, 2013

Do not publish
1. We have reviewed Applicant's other claims and find them to be without merit.